IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN MARTINEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. |
| | § | |
| STONEHILL COMMERCIAL | § | |
| PAINTING, INC., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant Stonehill Commercial Painting, Inc. ("Defendant"), by and through its undersigned counsel, hereby remove this action from the 141st District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

Removal is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Marvin Martinez, et el. ("Plaintiffs"). In support of this notice, Defendant states as follows:

## I.
### BACKGROUND

1. This case was originally filed by Marvin Martinez, Edward Yepez, Meylin Martinez, Jose Diaz, Gerardo Castillo, and Julio Banquedano (collectively "Plaintiffs") in the 141st District Court of Tarrant County, Texas on March 16, 2017. In accordance with 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of the state Court docket sheet and all process, pleadings, and orders received by Defendant are attached hereto as Exhibit "A".

2.   In their Petition, Plaintiffs allege that they were employed as hourly painters for Defendant. (Pet. at ¶¶ 15–16).  According to Plaintiffs, Defendant paid Plaintiffs improperly under the Fair Labor Standards Act of 1938 ("FLSA") by paying Plaintiffs arbitrary amounts of money for hours that did not reflect the hours actually worked by Plaintiffs. (Pet. at ¶ 17–18).  Plaintiffs alleged that this practice also included failure to pay overtime and that this was Defendant's business practice. (*Id*.¶ 20–21).

3.   Plaintiffs allege that Defendants practice of underpaying its employees has been uniformly imposed upon Defendant's hourly employees—including Plaintiffs. (Pet. ¶ 22–23).  Therefore, Plaintiffs allege that there exists a common nucleus of facts, and that the questions of law and fact are common to all Plaintiffs. (Pet. ¶¶32–33). As a result, Plaintiffs request class action certification. (Pet. ¶¶34–35).

4.   Plaintiffs assert claims for failure to pay wages under FLSA Sections 206, 207 and 215(a)(2) based on these allegations. (Pet. ¶¶ 36–38).  Plaintiffs' claim damages under FLSA Section 216(b), as well as liquidated damages. (Pet. ¶ 41–42).  Plaintiff's also allege that they are entitled to recover attorney's fees. (Pet. ¶¶ 44–46).

II.
THIS NOTICE OF REMOVAL IS TIMELY FILED

5.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6.   Defendant received a copy of Plaintiffs' initial pleading captioned "Plaintiffs' Original Class Action Petition" by process server on March 29, 2017.

7.   The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after March 29, 2017, which is the date Defendant first received the citation and complaint in this action.

8.    The United States District Court for the Northern District of Texas, Fort Worth Division is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court and division that embraces the place where the original action was filed and is pending.

### III.
### THE COURT HAS FEDERAL QUESTION JURISDICTION

9.    Plaintiffs allege claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. (Pet. ¶¶ VI–XI).  Therefore, federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law.

10.    To the extent Plaintiff's Original Petition alleges any statutory, state common law, or other non-federal law claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under the FLSA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11.    Because Plaintiffs' FLSA claims arise under the laws of the United States, removal of this entire action is therefore appropriate under 28 U.S.C. § 1441.

12.    Furthermore, removal of FLSA claims to federal district court is permissible under 28 U.S.C. § 1441. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 700 (2003).

### IV.
### NOTICE OF REMOVAL TO THE 141ST DISTRICT COURT
### TARRANT COUNTY, TEXAS

13.    Defendant has filed a copy of this Notice with the 141st District Court of Tarrant County, Texas.  A copy of the written notice of this Notice of Removal to federal court is attached hereto as Exhibit "B".  In accordance with 28 U.S.C. § 1446(d),

Defendant will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

V.
CONCLUSION

Based on the foregoing, Defendant respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Norther District of Texas, Fort Worth Division, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: April 19, 2017.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP

By: /s/ Christopher D. Montez
Christopher D. Montez
State Bar No. 24032748
Email: cmontez@tfandw.com
Jacob B. Damrill
State Bar No. 24097564
E-mail: jdamrill@tfandw.com
9400 North Central Expressway, Suite 900
Dallas, TX 75231-5027
Telephone No.: (214) 369-3008
Telecopier No.: (214) 369-8393

ATTORNEYS FOR DEFENDANT STONEHILL
COMMERCIAL PAINTING, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by serving same via facsimile transmission and via e-mail on the 20th day of April, 2017, as follows:

*__Via: matt.scott@scottperezlaw.com__*
*__Via: javier.perez@scottperezlaw.com__*
*__Via Facsimile: (214) 965–9680__*
Matthew R. Scott
Javier Perez
Scott | Perez LLP
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

ATTORNEYS FOR PLAINTIFFS

*/s/ Jacob B. Damrill*
Jacob B. Damrill

# EXHIBIT "A"



# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | **4/20/17 9:17 AM** |
|---|---|

| Cause Number: | 141-291036-17 | Date Filed: 03-16-2017 |
|---|---|---|

| MARVIN MARTINEZ, ET AL | \| VS \| | STONEHILL COMMERCIAL PAINTING, INC. |
|---|---|---|

Cause of Action:          EMPLOYMENT, OTHER EMPLOYMENT

Case Status:               PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 03-16-2017 | PLTF'S ORIG CLASS ACTION PET | N | I | 284.00 | |
| 03-16-2017 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 03-16-2017 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 03-16-2017 | CIT-ISSUED ON STONEHILL COMMERCIAL PAINTING INC-On 03/22/2017 | N | Svc | 8.00 | |
| 03-16-2017 | COURT COST (PAID) trans #4 | Y | | | 8.00 |
| 03-22-2017 | LTR FROM ATTY W/FEE FOR COPIES | | I | | 0.00 |
| 03-22-2017 | COPIES - ELECTRONIC | N | | 5.00 | |
| 03-22-2017 | COURT COST (PAID) trans #7 | Y | | | 5.00 |
| 04-06-2017 | CIT Tr# 4 RET EXEC(STONEHILL COMMERCIAL PAINTING I NC) On 03/29/2017 | I | | | 0.00 |
| 04-19-2017 | DEFN'S ORIG ANS | | I | | 0.00 |
| 04-19-2017 | NOT OF FILING NOT OF REMOVAL | | I | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

## *CITATION*                      *Cause No. 141-291036-17*

MARVIN MARTINEZ, ET AL
VS.
STONEHILL COMMERCIAL PAINTING, INC.

TO: STONEHILL COMMERCIAL PAINTING INC

B/S REG AGENT-ELVIS MALDONADO 2642 AERO DR GRAND PRAIRIE, TX 75052-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL CLASS ACTION PETITION at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 141st District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

MARVIN MARTINEZ, EDWARD YEPEZ, MEYLIN MARTINEZ, JOSE DIAZ, GERARDO CASTILLO, JULIO BANQUEDANO

*delivered 03/29/17*
*158Pm*

Filed in said Court on March 16th, 2017 Against
STONEHILL COMMERCIAL PAINTING INC

For suit, said suit being numbered 141-291036-17 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL CLASS ACTION PETITION  a copy of which accompanies this citation.

JAVIER PEREZ
Attorney for MARVIN MARTINEZ Phone No. (214)965-9675
Address    900 JACKSON ST STE 550 DALLAS, TX 75202

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of March, 2017.

By _____ Anthony Ferrara _____ Deputy
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *14129103617000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL CLASS ACTION
PETITION, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                  _____
County of _____, State of _____

*OH 03/29/17 1205m*

*CITATION*

Cause No. 141-291036-17

MARVIN MARTINEZ, ET AL

vs.

STONEHILL COMMERCIAL PAINTING, INC.

ISSUED

This 22nd day of March, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        ANTHONY FERRARA Deputy

JAVIER PEREZ
Attorney for: MARVIN MARTINEZ
Phone No. (214)965-9675
ADDRESS: 900 JACKSON ST STE 550

DALLAS, TX 75202

*CIVIL LAW*



*141291036170000004*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**SERVICE COPY**

CAUSE NO. 141-291036-17

| | | |
|---|---|---|
| MARVIN MARTINEZ,<br>EDWARD YEPEZ,<br>MEYLIN MARTINEZ,<br>JOSE DIAZ,<br>GERARDO CASTILLO,<br>AND JULIO BANQUEDANO | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| Individually, and on behalf of<br>all others similarly situated, | §<br>§ | |
| Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | TARRANT COUNTY, TEXAS |
| STONEHILL COMMERCIAL<br>PAINTING, INC. | §<br>§<br>§<br>§ | |
| Defendant. | §<br>§ | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL CLASS ACTION PETITION

### I.

### INTRODUCTION

Plaintiffs Marvin Martinez ("Mr. Martinez"), Edward Yepez ("Yepez"), Meylin Martinez ("Ms. Martinez"), Jose Diaz ("Diaz"), Gerardo Castillo ("Castillo"), and Julio Banquedano ("Banquedano"), (collectively "Plaintiffs"), individually and on behalf of all others similarly situated ("Plaintiff Class"), file this Original Class Action Petition against Defendant Stonehill Commercial Painting, Inc ("Defendant").

## II.

## DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.2.

## III.

## PARTIES

2.    Plaintiff Mr. Martinez is an individual and a citizen of Dallas County, Texas.

3.    Plaintiff Yepez is an individual and a citizen of Dallas County, Texas.

4.    Plaintiff Ms. Martinez is an individual and a citizen of Dallas County, Texas.

5.    Plaintiff Diaz is an individual and a citizen of Dallas County, Texas.

6.    Plaintiff Banquedano is an individual and a citizen of Dallas County, Texas.

7.    Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 2642 Aero Drive, Grand Prairie, Texas 75052. Stonehill may be served with process, including citation and a copy of this lawsuit, by serving its registered agent for service of process, Elvis Maldonado, 2642 Aero Drive, Grand Prairie, Texas 75052, or wherever he may be found.

## IV.

## JURISDICTION

8.    The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

9.    Plaintiffs seek monetary relief over $1,000,000.00

## V.

## <u>VENUE</u>

10.    Venue is proper in Tarrant County because (a) Defendant's principal place of business is in Tarrant County,[1] and (b) all or a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Tarrant County.[2]

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

[2] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

# VI.

## COVERAGE ALLEGATIONS

11.  Defendant transacts substantial business in this judicial district.

12.  At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d).

13.  At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

14.  At all material times, Defendant has been an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15.  At all materials times, Plaintiffs were individual employees of Defendant who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

# VII.

## <u>BACKGROUND FACTS</u>

16.     Plaintiffs performed painting duties for Defendant, which is a commercial painting company.

17.     While Plaintiffs performed hourly work, Defendants nevertheless knowingly paid them improperly under the Fair Labor Standards Act.

18.     Defendant has a practice of paying its employees arbitrary amounts of money for arbitrary hours that do not accurately reflect their actual hours worked.

19.     Conveniently, the hours for which Plaintiffs were paid were almost always less than forty in a given workweek.

20.     When Defendant did occasionally acknowledge the fact that Plaintiffs were working more than forty hours in a workweek, it still refused to pay them 150% of their effective hourly rate.

21.     Within the last several years, Defendant has routinely, if not universally, underpaid its employees in this manner in direct violation of the Fair Labor Standards Act.

22.     This practice permeated Plaintiffs' experience and, upon information and belief, that of all of Defendant's employees who were paid on an hourly basis.

# VIII.

## COLLECTIVE ALLEGATIONS

23.     Like Plaintiffs, other hourly employees of Defendant have been victimized by Defendant's unlawful practice of paying arbitrary amounts of money for arbitrary hours of work without regard to the actual hours they worked.

24.     Some of these employees have reported to Plaintiffs that they also were underpaid in this manner.

25.     Plaintiffs are aware that Defendant's illegal policy and practice has been uniformly imposed on the Class Members.

26.     The Class Members perform the same or similar job duties, including that they all perform non-exempt work.

27.     These employees are similarly situated to Plaintiffs in terms of job duties and pay provisions.

28.     Defendant's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

29.     Thus, Plaintiffs' experiences are typical of the experiences of the Class Members.

30.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

31.     All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation (one and one half their regular rate of pay) for all time worked in excess of forty hours per workweek.

32.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

33.    The questions of law and fact are common to Plaintiffs and the Class Members.

34.    Accordingly, the class of similarly situated plaintiffs is properly defined as:

### All Hourly Employees in Texas

35.    As a collective action, Plaintiffs seek this Court's appointment and/or designation as representative of a group of similarly situated individuals as defined.

## IX.

## CAUSES OF ACTION

A.    **First Cause of Action—Failure to Pay Wages in Accordance with the FLSA— Plaintiffs and the Plaintiff Class**

36.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

37.    Defendant's practice of not paying employees for all time worked and, instead, underpaying Plaintiffs and the Plaintiff class by determining arbitrary amounts based on arbitrary hours, resulted in Defendant's failing to pay Plaintiffs and the Plaintiff Class a minimum wage for all hours worked, and in some cases, overtime.

38.    Defendant's actions violate 29 U.S.C. §§ 206, 207, and 215(a)(2).

## X.

## DAMAGES

39.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

40.    Defendant's actions violated 29 U.S.C. § 207(a).

41.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs and the Plaintiff Class seek to recover all unpaid minimum wages and unpaid overtime compensation.

42.    Plaintiffs and the Plaintiff Class also seek as liquidated damages an amount equal to that recovered for unpaid minimum wages and unpaid overtime compensation.

43.     Plaintiffs and the Plaintiff Class seek all damages available to them under federal law.

## XI.

## <u>ATTORNEYS' FEES AND COSTS</u>

44.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

45.     Plaintiffs retained the services of undersigned counsel to prosecute their claims.

46.     Plaintiffs and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendant, including costs.

## XII.

## <u>JURY DEMAND</u>

47.     Plaintiffs and the Plaintiff Class demand a trial by jury.

# XIII.

## CONCLUSION AND PRAYER

48.     Plaintiffs and the Plaintiff Class respectfully request that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiffs and the Plaintiff Class:

        A.     All unpaid minimum wages and unpaid overtime compensation;

        B.     Liquidated damages equal to the amount in subsection (A) above;

        C.     Reasonable attorneys' fees and expert fees;

        D.     Court costs;

        E.     Pre-judgment and post-judgment interest at the rate set by law; and

        F.     All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

FILED
TARRANT COUNTY
4/19/2017 4:23:32 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 141–291036–17

| | | |
|---|---|---|
| MARVIN MARTINEZ, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | 141st JUDICIAL DISTRICT |
| STONEHILL COMMERCIAL | § | |
| PAINTING, INC., | § | |
| | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

COMES NOW, Defendant Stonehill Commercial Painting, Inc. ("Defendant"), and files this, its Original Answer to Plaintiffs, Marvin Martinez, Edward Yepez, Meylin Martinez, Jose Diaz, Gerardo Castillo, and Julio Banquedano (collectively referred to as "Plaintiffs") Original Class Action Petition and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies, each and every, all and singular, the material allegations of law and fact contained in Plaintiffs' Original Class Action Petition, or any subsequent amendment thereto, and demands strict proof thereof.

Defendant expressly reserves its right to subsequently amend this Original Answer to aver any defenses available to Defendant.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP

By: ___/s/ Christopher D. Montez_____
        Christopher D. Montez
        State Bar No. 24032748
        Email: cmontez@tfandw.com
        Jacob B. Damrill
        State Bar No. 24097564
        E-mail: jdamrill@tfandw.com
      9400 North Central Expressway, Suite 900
      Dallas, TX  75231-5027
      Telephone No.:  (214) 369-3008
      Telecopier No.:  (214) 369-8393

ATTORNEYS FOR DEFENDANT STONEHILL
COMMERCIAL PAINTING, INC.

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by serving same via facsimile transmission and via e-mail on the 19th day of April, 2017, as follows:

*Via: matt.scott@scottperezlaw.com*
*Via: javier.perez@scottperezlaw.com*
*Via Facsimile: (214) 965–9680*
Matthew R. Scott
Javier Perez
Scott | Perez LLP
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

ATTORNEYS FOR PLAINTIFFS

                          /s/ Jacob B. Damrill_____
                          Jacob B. Damrill

# EXHIBIT "B"

141-291036-17

CAUSE NO. 141–291036–17

| | | |
|---|---|---|
| MARVIN MARTINEZ, ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | 141st JUDICIAL DISTRICT |
| STONEHILL COMMERCIAL | § | |
| PAINTING, INC., | § | |
| | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on April 19, 2017, Stonehill Commercial Painting, Inc. ("Stonehill"), Defendant in the above-captioned action, removed this action to the United States District Court for the Northern District of Texas, by filing a Notice of Removal in that Court. A Copy of the Notice of Removal is attached as Exhibit "A". Accordingly, under 28 U.S.C. § 1446(d), this Court may proceed no further unless and until this case is remanded.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP


By: ___/s/ Christopher D. Montez_____
Christopher D. Montez
State Bar No. 24032748
Email: cmontez@tfandw.com
Jacob B. Damrill
State Bar No. 24097564
E-mail: jdamrill@tfandw.com
9400 North Central Expressway, Suite 900
Dallas, TX 75231-5027
Telephone No.: (214) 369-3008
Telecopier No.: (214) 369-8393

ATTORNEYS FOR DEFENDANT STONEHILL
COMMERCIAL PAINTING, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by serving same via facsimile transmission and via e-mail on the 19th day of April, 2017, as follows:

*Via: matt.scott@scottperezlaw.com*
*Via: javier.perez@scottperezlaw.com*
*<u>Via Facsimile: (214) 965–9680</u>*
Matthew R. Scott
Javier Perez
Scott | Perez LLP
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

ATTORNEYS FOR PLAINTIFFS

/s/ Jacob B. Damrill
Jacob B. Damrill

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARVIN MARTINEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. |
| | § | |
| STONEHILL COMMERCIAL | § | |
| PAINTING, INC., | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Defendant Stonehill Commercial Painting, Inc. ("Defendant"), by and through its undersigned counsel, hereby remove this action from the 141st District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

Removal is based on federal question jurisdiction because a federal question appears on the face of the initial pleading filed by Marvin Martinez, et el. ("Plaintiffs"). In support of this notice, Defendant states as follows:

I.
BACKGROUND

1.    This case was originally filed by Marvin Martinez, Edward Yepez, Meylin Martinez, Jose Diaz, Gerardo Castillo, and Julio Banquedano (collectively "Plaintiffs") in the 141st District Court of Tarrant County, Texas on March 16, 2017.  In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders received by Defendant are attached hereto as Exhibit "A".

2.   In their Petition, Plaintiffs allege that they were employed as hourly painters for Defendant. (Pet. at ¶¶ 15–16).   According to Plaintiffs, Defendant paid Plaintiffs improperly under the Fair Labor Standards Act of 1938 ("FLSA") by paying Plaintiffs arbitrary amounts of money for hours that did not reflect the hours actually worked by Plaintiffs. (Pet. at ¶ 17–18).   Plaintiffs alleged that this practice also included failure to pay overtime and that this was Defendant's business practice. (*Id*.¶ 20–21).

3.   Plaintiffs allege that Defendants practice of underpaying its employees has been uniformly imposed upon Defendant's hourly employees—including Plaintiffs. (Pet. ¶ 22–23).   Therefore, Plaintiffs allege that there exists a common nucleus of facts, and that the questions of law and fact are common to all Plaintiffs. (Pet. ¶¶32–33). As a result, Plaintiffs request class action certification. (Pet. ¶¶34–35).

4.   Plaintiffs assert claims for failure to pay wages under FLSA Sections 206, 207 and 215(a)(2) based on these allegations. (Pet. ¶¶ 36–38).   Plaintiffs' claim damages under FLSA Section 216(b), as well as liquidated damages. (Pet. ¶ 41–42).   Plaintiff's also allege that they are entitled to recover attorney's fees. (Pet. ¶¶ 44–46).

II.
THIS NOTICE OF REMOVAL IS TIMELY FILED

5.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

6.   Defendant received a copy of Plaintiffs' initial pleading captioned "Plaintiffs' Original Class Action Petition" by process server on March 29, 2017.

7.   The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after March 29, 2017, which is the date Defendant first received the citation and complaint in this action.

8.     The United States District Court for the Northern District of Texas, Fort Worth Division is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court and division that embraces the place where the original action was filed and is pending.

III.
THE COURT HAS FEDERAL QUESTION JURISDICTION

9.     Plaintiffs allege claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. (Pet. ¶¶ VI–XI).  Therefore, federal question jurisdiction exists over Plaintiffs' claims under 28 U.S.C. § 1331 because the resolution of Plaintiffs' claims will require adjudication of disputed questions of federal law.

10.     To the extent Plaintiff's Original Petition alleges any statutory, state common law, or other non-federal law claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiffs' claims under the FLSA and "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

11.     Because Plaintiffs' FLSA claims arise under the laws of the United States, removal of this entire action is therefore appropriate under 28 U.S.C. § 1441.

12.     Furthermore, removal of FLSA claims to federal district court is permissible under 28 U.S.C. § 1441. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 700 (2003).

IV.
NOTICE OF REMOVAL TO THE 141ST DISTRICT COURT
TARRANT COUNTY, TEXAS

13.     Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the 141st District Court of Tarrant County, Texas.  A copy of the written notice of this Notice of Removal to federal court is attached hereto as Exhibit "B".  In

accordance with 28 U.S.C. § 1446(d), Defendant will give written notice to Plaintiffs by contemporaneously serving this Notice of Removal on Plaintiffs.

V.

<u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this civil action be, and is hereby, removed to the United States District Court for the Norther District of Texas, Fort Worth Division, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated: April 19, 2017.

Respectfully submitted,

THOMAS, FELDMAN & WILSHUSEN, LLP

By: <u>/s/ Christopher D. Montez</u>
Christopher D. Montez
State Bar No. 24032748
Email: cmontez@tfandw.com
Jacob B. Damrill
State Bar No. 24097564
E-mail: jdamrill@tfandw.com
9400 North Central Expressway, Suite 900
Dallas, TX 75231-5027
Telephone No.: (214) 369-3008
Telecopier No.: (214) 369-8393

ATTORNEYS FOR DEFENDANT STONEHILL
COMMERCIAL PAINTING, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by serving same via facsimile transmission and via e-mail on the 19th day of April, 2017, as follows:

*Via: matt.scott@scottperezlaw.com*
*Via: javier.perez@scottperezlaw.com*
*Via Facsimile: (214) 965–9680*
Matthew R. Scott
Javier Perez
Scott | Perez LLP
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202

ATTORNEYS FOR PLAINTIFFS

*/s/ Jacob B. Damrill*
Jacob B. Damrill